IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RYAN THOMAS BECHARD and
KATHLEEN LYNN BECHARD,

          Plaintiffs,                           OPINION AND ORDER

     v.                                       14-cv-764-wmc

JAMES M. ISAACSON, CHRISTINE GIMBER,
BRAD JAMES COLBERT, PAMELA S. LAHR
And RUDY PEREIRA,

          Defendants.

---

    *Pro se* plaintiffs Ryan Thomas Bechard and Kathleen Lynn Bechard have filed this suit as a "Bill in Equity," seeking immediate injunctive relief and damages from a judgment of foreclosure. The Bechards request leave to proceed in this case without prepayment of the filing fee. As such, the court must screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. *See* 28 U.S.C. § 1915(e)(2)(B). In addressing any *pro se* litigant's complaint, the court must construe the allegations generously. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972). Even under this lenient standard, however, the court lacks subject matter jurisdiction to hear the Bechards' Bill and this lawsuit must be dismissed.

FACTS[*]

In Chippewa County Case No. 13CV158, Royal Credit Union obtained a judgment of foreclosure against the Bechards for a parcel of land located in the town of Wheaton, Chippewa County, Wisconsin. Defendant James M. Isaacson is the Chippewa County Circuit Court Judge who is presiding over the foreclosure proceeding. The foreclosure apparently occurred as the result of the Bechards' failure to pay real estate taxes and payments on a mortgage note executed by Royal Credit Union in the principal amount of "U.S. $140,000.00." Defendant Rudy Pereira is the chief executive officer of Royal Credit Union and defendant Christine Gimber is Royal Credit Union's counsel of record.

The Bechards contend that the mortgage note executed by Royal Credit Union is fraudulent. According to the Bechards, the note is actually for $ 140,000.00 in pesos, rather than in U.S. dollars. The Bechards further allege that the mortgage instrument was recorded in Chippewa County without a signature from the Register of Deeds or a seal, and that it is not recorded anywhere. The Bechards maintain, therefore, that Royal Credit Union is not a "holder in due course" and had no standing to obtain the judgment of foreclosure from the Chippewa County Circuit Court.

In this lawsuit, the Bechards seek an order (1) enjoining a November 13th sheriff's sale authorized in Chippewa County Case No. 13CV158, and (2) restraining Gimber

---

[*] These facts are generally taken from the allegations in plaintiff's "Bill," which are treated as true and viewed in a light most favorable to plaintiff, except where directly contradicted by undisputed facts taken from public records in state court proceedings pending against plaintiff. Because plaintiff also offers no basis to seal the record in this case, and the court can discern none, the record will also be unsealed.

from instituting "any new or other suit" in an attempt to obtain a judgment of foreclosure. The Bechards also seeks an order requiring Pereira to provide discovery regarding the mortgage note and copies of the "long form title insurance policy" that was issued by defendant Pamela S. Lahr on behalf of Vinopal Title. In addition, the Bechards request an accounting by Pereira and Isaacson regarding the note and related transactions between the Bechards and the defendants generally. Finally, the Bechards seek damages suffered as the result of defendants' fraud and "abuse of process," and ask this court to enter a decree conferring "title and right of possession" to the tract of land described in the note.

OPINION

Unlike state courts, which have subject matter jurisdiction over a broad assortment of causes and claims, this court's jurisdiction is limited only to "cases or controversies" that are "authorized by Article III of the [United States] Constitution and the statutes enacted by Congress pursuant thereto." *Buchel-Ruegsegger v. Buchel*, 576 F.3d 451, 453 (7th Cir. 2009) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). In other words, "[a] federal court is the wrong forum when there is no case or controversy, or when Congress has not authorized it to resolve a particular kind of dispute." *Morrison v. YTB Intern., Inc.*, 649 F.3d 533, 536 (7th Cir. 2011) (explaining that "subject-matter jurisdiction is a synonym for adjudicatory competence").

Because of the limits on federal judicial power, this court also has a duty to determine subject-matter jurisdiction exists -- even if the parties do not raise this issue --

3

before reaching the merits of any case. *See Buchel-Ruegsegger*, 576 F.3d at 453. If a district court determines at any time that it lacks subject matter jurisdiction, it "must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Generally, a federal district court such as this one has the authority to hear two types of cases: (1) those in which a plaintiff alleges a cognizable violation of his rights under the Constitution or federal law; and (2) those in which a citizen of one state alleges a violation of his or her rights established under state law by a citizen of another state where the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331-32. According to the pleadings and exhibits, this case does not implicate a federal question. *See* 28 U.S.C. § 1331. Nor does it involve a suit by the citizen of one state against citizens of another. *See* 28 U.S.C. § 1332.[1]

Even if federal subject matter jurisdiction were present, review would still be barred. To the extent that the Bechards allege injury as the result of a court order entered against him in Chippewa County Case No. 13CV158, review of their allegations of fraud is severely constrained by the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 486 (1983); *see also Golden v. Helen Sigman & Assoc., Ltd.*, 611 F.3d 356, 361-62 (7th Cir. 2010) (holding that *Rooker-Feldman* barred review of claims related to a state court divorce and child custody proceedings). The *Rooker-Feldman* doctrine prevents a party "complaining of an injury caused by [a] state-court judgment" from seeking redress

---

[1] It is also unclear if the amount in controversy that exceeds $75,000, but the court will assume that to be true for purposes of this order.

in a lower federal court. *See Exxon Mobil Corp. v. Saudi Indus. Corp.*, 544 U.S. 280, 291-92 (2005). Moreover, a litigant may not avoid the *Rooker-Feldman* doctrine simply by casting his complaint in the form of a civil rights action, as Bechard would appear to be attempting to do here. *See Ritter v. Ross*, 992 F.2d 750, 753 (7th Cir. 1993). Rather, litigants who feel that a state court proceeding has violated their federal constitutional rights must appeal that decision through the state court system and then as appropriate to the United States Supreme Court. *See Young v. Murphy*, 90 F.3d 1225, 1230 (7th Cir. 1990).

The Bechards' request for relief from the state court judgment of foreclosure is also precluded from review by a doctrine alternately called "abstention" or non-intervention, which is based on traditional principles of "equity, comity, and federalism." *SKS & Assoc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010). In that respect, *Younger v. Harris*, 401 U.S. 37 (1971), "requires federal courts to abstain from taking jurisdiction over federal constitutional claims that seek to interfere with or interrupt ongoing state proceedings." *SKS& Assoc.*, 619 F.3d at 677 (citing *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 595 (7th Cir. 2007)). Similarly, *Burford v. Sun Oil Co.,* 319 U.S. 315 (1943), and *Louisiana Power & Light Co. v. City of Thibodaux,* 360 U.S. 25 (1959), counsel against a federal court sitting in diversity jurisdiction from interfering in a complex or important area of state law, in which a multi-party foreclosure action falls. *See also Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) (counseling against a federal court from interfering with a parallel state litigation).

For all these reasons, the Bechards' remedy, if one is available, is in an action or appeal from the foreclosure proceeding in state court. In any event, the Bechards' complaint must be dismissed because they fail to articulate a valid basis for subject matter jurisdiction in federal court.

ORDER

IT IS ORDERED that:

1. Plaintiffs Ryan Thomas Bechard and Kathleen Lynn Bechard's motion to seal the pleadings (dkt. # 2) is DENIED.

2. The Bechards' request for leave to proceed is DENIED and the complaint is DISMISSED without prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

Entered this 7th day of November, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge